T.C. Summary Opinion 2006-124

UNITED STATES TAX COURT

WALTER A. AND ALFREDA KOCOT, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 22223-04S.               Filed August 1, 2006.

Walter A. Kocot, pro se.

Patricia H. Delzotti, for respondent.


GOLDBERG, Special Trial Judge:  This case was heard pursuant
to the provisions of section 7463 of the Internal Revenue Code in
effect at the time the petition was filed.  The decision to be
entered is not reviewable by any other court, and this opinion
should not be cited as authority.  Unless otherwise indicated,
subsequent section references are to the Internal Revenue Code in

effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency in petitioners' Federal income tax in the amount of $986 for the taxable year at issue. There are two issues for decision: (1) The correct amount of taxable Social Security benefits received by petitioners in 2002 resulting in the proposed deficiency, and (2) whether petitioners are entitled to any overpayment for taxable year 2002.

## Background

Some of the facts have been stipulated and are so found. The stipulation of the parties, with accompanying exhibits, is incorporated herein by reference. At the time that the underlying petition was filed in this case, petitioners resided in Jersey City, New Jersey.

On or about April 15, 2003, petitioners timely filed their Form 1040, U.S. Individual Income Tax Return, for 2002, reporting $24,328.70 in total Social Security benefits received on line 20a, and that same amount, $24,328.70, as the taxable portion thereof on line 20b. Petitioners' reporting $24,328.70 on both lines 20a and 20b of their 2002 return subsequently spawned a series of communications between petitioners and respondent's Service Center in Chamblee, Georgia.

On June 16, 2003, responding to petitioners' reporting the same amount--$24,328.70--on both lines 20a and 20b of their 2002 return, respondent sent petitioners a proposed change letter (June 16 letter) that reduced line 20b of petitioners' 2002 return to $20,678. Respondent reduced the amount reported by petitioners on line 20a of their return ($24,328.70) by 15 percent to accurately reflect the taxable portion thereof ($20,678). The June 16 letter also corrected the amount claimed by petitioners as their standard deduction (line 38) from $7,850 to $9,650, since both petitioners were over 65 years of age in 2002. The 15-percent reduction to the reported amount on line 20a ($24,329[1]), and the increase in petitioners' standard deduction ($9,650), resulted in petitioners' receipt of a refund for taxable year 2002 in the amount of $1,472.81.

After sending the June 16 letter, respondent received information from the Social Security Administration indicating that petitioners' total Social Security benefits received for taxable year 2002 were actually $28,622 and not $24,320.70, as petitioners originally reported on line 20a of their 2002 return. Subsequently, on April 5, 2004, respondent sent a second proposed change letter (April 5 letter), which increased petitioners' taxable Social Security benefits received from $20,678 to $24,329.

---

[1] Rounded to the nearest dollar.

Subsequent to mailing the April 5 letter, respondent discovered what was believed to be a second error. Petitioners claimed total income tax withholding of $6,682.75 on their 2002 return. Respondent reduced this amount by $752 to reflect income tax withheld on a pension plan distributed from Christ Hospital to petitioner Alfreda Kocot. This reduction occurred as a result of petitioners' erroneous attachment of Forms 1099-R, Distribution from Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc., for both taxable years 2001 and 2002 to their 2002 return. Although the $752 reduction was reflected on the April 5 letter, correspondence between the parties subsequently resolved this discrepancy.

On June 14, 2004 (June 14 letter), respondent sent a third revised proposed change letter that restored petitioners' total claimed income tax withholding to $6,682.75, yet kept the amount of taxable Social Security benefits received at $24,329. As a result of these changes, the June 14 letter computed an income tax deficiency of $986.

Respondent issued a notice of deficiency in the amount of $986 on August 30, 2004. Petitioners paid the deficiency on October 4, 2004, and interest thereon on January 3, 2005. Petitioners timely filed their petition in the underlying case on November 22, 2004.

Petitioners sent numerous letters contesting respondent's proposed changes and asserting that respondent had acted negligently in making the determinations.  Specifically, petitioners disagreed with the proposed change provided in the June 14 letter, and on September 30, 2004 (after the issuance of the notice of deficiency), notified respondent of their disagreement including, inter alia, a Social Security benefits worksheet, which they prepared, that showed $24,329 as the taxable Social Security benefits received in 2002.  This amount-- $24,329--is the same amount listed on the notice of deficiency.

## Discussion

The Commissioner's determinations are presumed correct, and taxpayers generally bear the burden of proving otherwise.  Welch v. Helvering, 290 U.S. 111, 115 (1933).  In this case, petitioners do not deny their error in reporting $24,329 on both lines 20a and 20b on their 2002 return.  In fact, before trial, petitioners paid both the $986 amount in deficiency as well as $56.68 in interest assessed by respondent.  Petitioners argue that they are entitled to $1,045.68 as an overpayment of taxes ($986) and interest ($59.68) because:  (1) Respondent failed to account for $8,000 in estimated payments made by petitioners towards their 2002 income tax liability; (2) despite petitioners' admitted errors on their 2002 return, the amount of their

adjusted gross income did not change, and therefore their overall tax liability should not change; (3) respondent employed a "slip shod" method of examination, resulting in petitioners' receipt of "four" notices of deficiency; and (4) petitioners were unjustly given only "three days" to file their petition with the Tax Court. For reasons stated herein, we find that petitioners have not sufficiently proved these claims, that the total amount of Social Security benefits received by petitioners in 2002 (line 20a) was $28,622, and that petitioners are not entitled to any overpayment.

First, petitioners assert that the amount in deficiency determined in the August 30, 2004, notice of deficiency is incorrect because respondent failed to account for petitioners' $8,000 in estimated tax payments. However, in the June 16 letter, respondent acknowledged petitioners' total payments of $16,699 (a $2,016 payment included with their return, $6,682.75 in Federal income tax withheld, and $8,000 in 2002 estimated tax payments). Subsequent documents, including the April 5 and June 14 letters, contain only those items for which respondent proposed a change. Since respondent did not dispute or propose any change to the amount of estimated tax petitioners paid in 2002, the estimated tax was not included as part of the proposed change computations.

This omission did not, as petitioners assert, mean that respondent excluded the $8,000 in estimated tax payments from the computations. In fact, the notice of deficiency determined that the reason for the $986 deficiency was due to an increase in petitioners' reported taxable income from $79,355 to $83,006, and accordingly an increase in the amount of tax due from $15,227 to $16,213.

Second, petitioners claim that despite their error in not reporting the correct amount of total Social Security benefits received on line 20a of their 2002 return, because the corrected figure did not change the amount of the total adjusted gross income, their income tax liability should not change. Notably, the parties agree that petitioners' adjusted gross income for taxable year 2002 was $98,657.62. The June 16 letter changed the amount of standard deduction originally claimed by petitioners on their 2002 return from $7,850 to $9,650, as both petitioners were over 65 years of age in 2002. This correction, coupled with the $6,000 exemption, resulted in total taxable income of $83,007.62 and not $84,807, as petitioners maintained at trial.

Accordingly, the amount of tax due on petitioners' total taxable income of $83,007.62 was $16,213, with $1,530.25 being the correct amount of tax owed by petitioners. Since petitioners remitted $2,016.25 with their completed 2002 return, they would have been entitled to an overpayment of $486. However, since

respondent refunded $1,472 based upon petitioners' underlying error, respondent was correct in subsequently determining a $986 deficiency.[2]

In addition to the aforementioned claims, petitioners argued at trial that respondent engaged in a "slip shod" method of examination, sending "four" notices of deficiency to petitioners, and giving petitioners only "three days" to file their petition with the Court. While we acknowledge petitioners' frustration and confusion, including their receipt of three separate proposed change letters, we cannot find that respondent acted improperly. Petitioners received only one notice of deficiency, dated August 30, 2004, that clearly put them on notice that the last date on which they could file a petition with this Court was November 29, 2004.

In summary, we find that line 20b of petitioners' 2002 return should be $24,329, an amount to which all parties agree, and that because petitioners were awarded a refund greater than their income tax liability, they are not entitled to any overpayment pursuant to Rule 55.

---

[2] In the June 16 letter, respondent redetermined petitioners' adjusted gross income as $95,005. The reason for this adjustment was that petitioners had reported the same amount--$24,328.70--on both lines 20a and 20b of their 2002 return. Accordingly, when respondent reduced the line 20a amount by 15 percent to reflect the taxable portion thereof, the amount of adjusted gross income was also reduced to $95,005.

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered for respondent.